# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    Plaintiff,

v.                                                                                   Case No. 14-CR-81

**GARY RICHARDS and CHERYL RICHARDS**
    Defendants.

## ORDER

In April 2014, the government obtained indictments charging various defendants with dog fighting related offenses in this district. Two of those cases – United States v. Boyce, 14-CR-79, and United States v. Robinson, et al., 14-CR-82 – were assigned to me. A third case, United States v. Richards, et. al., 14-CR-81, was assigned to a different branch of the court. The defendants in 14-CR-81 now move for re-assignment of their case to me. The government does not oppose the request.

Criminal Local Rule 13 permits the reassignment of a criminal case to another judge if it is found to be related to a lower numbered criminal case assigned to that judge and each of the following criteria is met:

> (1) all defendants in each of the cases are the same, or, if the defendants are not all the same, the cases are based upon the same set of facts, events or offenses;
>
> (2) both cases are pending in this District;
>
> (3) the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and
>
> (4) neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that

> the assignment of the cases to the same judge would promote consistency in
> resolution of the cases or otherwise be in the interest of justice.

Crim. L.R. 13(a) (E.D. Wis.). The Rule further provides that the motion must be filed with, and will be decided by, the judge to whom the lowest numbered case of the claimed related set is assigned for trial or other final disposition. Crim. L.R. 13(b).

The criteria for reassignment are met here. The cases are based upon the same set of facts and events, and both are pending in this district. Placing both cases before the same judge would likely to result in the overall saving of judicial resources, as one judge could handle any issues arising regarding the application of 7 U.S.C. § 2156, and, if the defendants are convicted, having one judge impose sentence could ensure consistency. Finally, neither case has, at this early stage, progressed to the point where reassignment would cause delay.

**THEREFORE, IT IS ORDERED** that the defendants' motions to reassign (R. 31 and 32) are **GRANTED**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2014.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge